**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**BRIAN STONE**                                                                                  **PLAINTIFF**

**v.**                                          **No: 4:25-cv-00761-KGB-PSH**

**PHILLIP MILLER,** *et al.*                                                    **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to Chief United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation.  If you do so, those objections must:  (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Brian Stone filed a *pro se* complaint on July 28, 2025, while incarcerated at the White County Jail (Doc. No. 1).  In an Initial Order for *Pro Se* Prisoner Plaintiffs (Doc. No. 2), Stone was notified of his obligation to comply with the Federal Rules of Civil Procedure as well as Local Rules for the Eastern District of Arkansas, including Local Rule 5.5(c)(2).  Specifically, he was notified that it was

his duty pursuant to Local Rule 5.5(c)(2) to promptly notify the Clerk and parties to the proceedings of any change of address. He was also notified that failure to respond to any communication from the Court within 30 days may result in recommended dismissal of his case. Doc. No. 2 at 1.

On October 21, 2025, Stone updated his address, indicating he was no longer incarcerated (Doc. Nos. 11 & 12). He was subsequently granted leave to proceed *in forma pauperis* after submitting an updated application reflecting his free-world financial status. *See* Doc. Nos. 13-14. On June 16, 2026, the Court entered a text order noting that there had been no activity in the case for more than six months and that service on one defendant remained outstanding. *See* Doc. No. 15. The Court directed Stone to provide a notice of his intent to prosecute this case and to confirm his current mailing address no later than thirty days from the entry of the text order. *Id.* He was warned that his failure to do so would cause the undersigned to recommend his complaint be dismissed. *Id.*

More than 30 days have passed, and Stone has not complied with or otherwise responded to the June 16 order. Accordingly, the Court finds that this action should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2) and failure to respond to the Court's orders. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (District courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

It is therefore recommended that Stone's complaint, as amended (Doc. Nos. 1 & 6), be dismissed without prejudice.

DATED this 24th day of July, 2026.

_____
UNITED STATES MAGISTRATE JUDGE